UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON STANLEY, | CASE NO. C14-1106JLR |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the court on Petitioner Brandon Stanley's habeas corpus petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (*See* Pet. (Dkt. 1).) In addition, Mr. Stanley has moved for judgment on the pleadings. (Mot. (Dkt. # 7).) Mr. Stanley raises two grounds in support of his § 2255 petition. First, he alleges that the Respondent United States of America ("the Government") failed to comply with its plea agreement obligations to dismiss state court charges. (*See* Pet.) Second, he alleges that his lawyer was ineffective. (*See id.*) Because Mr. Stanley is a pro se litigant,

ORDER- 1

the court construes his filing liberally. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

In support of his breach of plea agreement obligation claim, Mr. Stanley argues that King County Superior Court Cause No. 12-1-02171-2 was to be dismissed but is still pending. The Government responds with a copy of the signed and filed state court Order of Dismissal. (*See* Dkt. # 5-2.) The court, therefore, finds this ground for relief lacks merit.[1]

Mr. Stanley's second ground is a claim of ineffective assistance of counsel "for allowing and/or permitting and/or agreeing to a sentence that exceeded the high end of his Guideline range of Criminal History Category VI and an Offense levle [sic] of 13 for a sentencing range of 33 to 41 months." (Reply (Dkt. # 8) at 2.) At sentencing, the court found Mr. Stanley was an Offense Level 13/Criminal History Category VI. His Guideline Range was 33-41 months. The plea agreement, however, provided that the Government and Mr. Stanley would recommend a sentence of 72 months, which was also the recommendation of the Office of Probation and Pretrial Services. (*See United States v. Stanley*, CR12-351JLR Dkt. # 30.) As the plea agreement agreed to and signed by Mr. Stanley states, the parties' joint recommendation was "based, in part, upon the dismissal of the state cases . . . , which forms the basis for a variance above the Sentencing Guideline Range." (*Id.* ¶ 12.) Accordingly, Mr. Stanley's legal arguments under *Gall v.*

---

[1] Mr. Stanley alleges that the Federal Bureau of Prisons is under the impression that he still faces outstanding state felony charges. (Pet. at 5.) If so, that is an issue Mr. Stanley must resolve with the Federal Bureau of Prisons. The United States Attorney's Office has no involvement in that dispute.

ORDER- 2

*United States*, 552 U.S. 38 (2007), *Rita v. United States*, 551 U.S. 338 (2007), and *United States v. Ferguson*, 537 F. App'x 713 (9th Cir. 2013), are incorrect and do not support a claim of ineffective assistance of counsel.

The court finds that an evidentiary hearing regarding this matter is unnecessary. A court adjudicating a § 2255 petition must hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). "No hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (internal quotation marks omitted). As the foregoing analysis shows, the record is a sufficient basis on which to judge Mr. Stanley's allegations. Accordingly, the court exercises its discretion not to hold an evidentiary hearing. *See id.*

A petitioner seeking post-conviction relief may appeal a district court's dismissal of a § 2255 petition only after obtaining a certificate of appealability. A certificate of appealability may issue only where a petition has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the court concludes that Mr. Stanley is not entitled to a certificate of appealability.

1     For these reasons, the court DENIES Mr. Stanley's 28 U.S.C. § 2255 petition

2 (Dkt. # 1), DENIES Mr. Stanley's motion for judgment on the pleadings (Dkt. # 7), and

3 DISMISSES this action with prejudice.

4     Dated this 17th day of December, 2014.

                                              JAMES L. ROBART
                                              United States District Judge

ORDER- 4